EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLQUITT COUNTY, GEORGIA

**2021CV0414**

OCT 01, 2021 11:17 PM

Lynn G. Purvis, Clerk
Colquitt County, Georgia

# IN THE SUPERIOR COURT OF COLQUITT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JEFFREY GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | |
| | ) | _____ |
| **Pete Dillard**, Individually and in his | ) | |
| Official Capacity as City Manager of the | ) | |
| City of Moultrie, *and* | ) | |
| Officers **Brittany Johnson**, | ) | |
| **Jeriah Ruiz**, **Valdez**, | ) | |
| and **Newton**, each in their Individual | ) | |
| capacity, *and* the **City of Moultrie** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiffs, **Jeffrey Gray** (hereinafter "Plaintiff"), and files this Complaint, showing the Court as follows:

1.

Defendant **Pete Dillard** (hereinafter "DILLARD") is and was, at the time of the events described herein, the City Manager of the City of Moultrie, an elected government official responsible for the administration of all city government departments, and is subject to the jurisdiction and venue of this court and individually harmed Plaintiffs in this matter, and may be served at work at the Moultrie City Hall



**EXHIBIT A**

21 1st Avenue NE, Moultrie, Georgia 31776.

2.

Defendant **BRITTANY JOHNSON** is liable to Plaintiff and is subject to the jurisdiction and venue of this court and may be served at her work address at the Moultrie police department at 128 1st Street SW, Moultrie, GA 31768.

3.

Defendant **OFFICER VALDEZ** is liable to Plaintiff and is subject to the jurisdiction and venue of this court and may be served at his work address at the Moultrie police department at 128 1st Street SW, Moultrie, GA 31768.

4.

Defendant **OFFICER JERIAH RUIZ** is liable to Plaintiff and is subject to the jurisdiction and venue of this court and may be served at his work address at the Moultrie police department at 128 1st Street SW, Moultrie, GA 31768.

5.

Defendant **OFFICER NEWTON** is liable to Plaintiff and is subject to the jurisdiction and venue of this court and may be served at his work address at the Moultrie police department at 128 1st Street SW, Moultrie, GA 31768.

6.

Defendant **CITY OF MOULTRIE** is subject to the jurisdiction and venue of

this Court, and may be served through its City Manager, Pete Dillard, located at 21 1st Avenue NE Moultrie, Georgia 31768.

## FACTUAL BACKGROUND FOR CLAIMS

7.

On or about July 3, 2019, Plaintiff **Gray** was standing on a public sidewalk in front of the City Municipal Building holding a sign that held substantive language that displayed his opinion of the City Municipal government, namely "Fuck City Hall".

8.

While Plaintiff was standing on the sidewalk, and peacefully exercising his right to freedom of speech, Defendant **DILLARD** approached Plaintiff and identified himself as the City Manager and proceeded to tell Plaintiff that he was offended by the language Plaintiff used to express his opinion of the Government. In response to Plaintiff's speech, Defendant **DILLARD** directed and allowed co-Defendants, City of Moultrie police officers, to arrest Plaintiff in violation of his First and Fourth Amendment rights.

9.

Defendant **JOHNSON** along with two other officers proceeded to tell Plaintiff that he was being arrested for disorderly conduct by standing and holding a sign

peaceably.

10.

Throughout the ordeal, Plaintiff said multiple times that he was exercising his Constitutional right to stand and protest the government. Plaintiff further advised the Defendants that they were violating his right to free speech by detaining or arresting him. Plaintiff committed no crimes or reasonably could have been seen as committing any crimes in his public interactions, on a public sidewalk, with government officials.

11.

While being placed under arrest, Plaintiff did not resist, fight, or otherwise impede the officer's arrest of his person.

12.

Defendants were, at all times relevant, operating under color of law.

## 42. U.S. CODE § 1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

13.

Plaintiff incorporates all previous paragraphs.

14.

Plaintiff's civil rights protected under 42 U.S.C.§ 1983 were violated by Defendants, wherefore Plaintiff is entitled to bring this cause of action against

Defendants.

## **FIRST AMENDMENT CLAIM**

15.

Plaintiff incorporates all previous paragraphs.

16.

Plaintiff has constitutional rights to free speech which include, but are not limited to, expressing himself verbally and through a written sign, with language of his choosing.

17.

Plaintiff's speech provided no lawful reason for arresting him on or about July 3, 2019.

18.

Plaintiff was arrested by Defendants solely in retaliation for constitutionally protected speech. Plaintiff's arrest was further designed to discourage and "chill" future speech against the government.

19.

The Defendant City of Moultrie, through policy-maker and Defendant City Manager Pete Dillard, adopted an official policy of arresting people for speech critical of the government in its application of Municipal Code § 74-19, by having

Plaintiff arrested for the content of his personal speech. Defendant Dillard chose to enforce this policy, as did the City of Moultrie.

20.

The Defendant City of Moultrie is liable under the *Monell* doctrine, as the official policy/practice/custom of the Defendant City was to violate the rights of people peacefully speaking against City Hall, by creating and using a local municipal ordinance against them.

## **FOURTH AMENDMENT CLAIM**

21.

Plaintiff incorporates all proceeding paragraphs.

22.

Plaintiff is entitled to be free from unlawful arrest and unreasonable seizure, including arrest without a warrant or probable cause.

23.

Plaintiff was arrested on or about July 3, 2019 without probable *or* arguable probable cause. He was peacefully standing on a public sidewalk holding a sign as a form of protest of the government.

24.

Plaintiff was committing no crime, or could have reasonably been suspected of

committing a crime, when he was detained and arrested on a public sidewalk for simply holding a sign critical of the government. Plaintiff was damaged in numerous ways, including, but not limited to losing his freedom and incurring time in jail and an arrest record due to Defendants' actions.

## **PUNITIVE DAMAGES**

25.

All preceding paragraphs are incorporated herein.

26.

The actions of Defendants, as set forth above, show intentional and willful misconduct, wantonness, and that entire want of care which raises the presumption of a conscious indifference to the consequences of their actions.   Accordingly, Plaintiff seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1 and Federal law.

**WHEREFORE**, Plaintiff prays:

    (a)    That Summons issue requiring Defendant to be and appear in this Court within the time provided by law to answer this Complaint;

    (b)    That Plaintiff receive a Jury Trial;

    (c)    That Plaintiff receive favorable Judgment against Defendant for Compensatory Damages, General Damages, and Pain and Suffering as provided by law;

(d) That Plaintiff be awarded Punitive Damages and Attorney's Fees as provided by law;

(e) For injunctive and declaratory relief, holding Defendants' interpretation of their municipal ordinance and their policy of arresting people for speaking against the government to be unconstitutional;

(f) That Plaintiff have such other additional relief as the Court may consider equitable and/or appropriate, given the circumstances of this case.

Respectfully Submitted, this October 1st, 2021.

/s/ Jordan Johnson
Jordan Johnson
Georgia State Bar No. 673643
Attorney for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law