IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEFFREY GRAY,

      Plaintiff,

v.                                  CIVIL ACTION NO. 7:21-cv-000143

PETE DILLARD Individually and in his
Official Capacity as City Manager of the
City of Moultrie, and
Officers BRITTANY JOHNSON,
JERIAH RUIZ, VALDEZ,
And NEWTON, each in their Individual
Capacity, and the CITY OF MOULTRIE,

      Defendants.

_____/

## ANSWER AND DEFENSES OF DEFENDANT

COME NOW Pete Dillard ("Dillard"), individually and in his official capacity as City Manager of the City of Moultrie, Georgia; Brittany Johnson ("Johnson"), Jeriah Ruiz ("Ruiz"), Jesus Valdez ("Valdez"), and Frank Newton ("Newton"), in their individual capacities; and the City of Moultrie, Georgia (the "City"), named as defendants in the above-styled action, and file this their answer and defenses to the complaint filed on behalf of plaintiff Jeffrey Gray ("Plaintiff"), showing the Court as follows:

## FIRST DEFENSE

For a first defense, Dillard, Johnson, Ruiz, Valdez, Newton, and the City (hereinafter collectively referred to as "Defendants") show that Plaintiff's complaint fails to state a claim against them upon which relief can be granted.

1

## SECOND DEFENSE

For a second defense, Defendants respond to the allegations contained in the numbered paragraphs of Plaintiff's complaint, as follows:

1.      In response to paragraph 1 of Plaintiff's complaint, Defendants admit that, at all times relevant hereto, Dillard was the City Manager for the City.  Defendants also admit that the Court has personal jurisdiction with respect to Dillard, and Defendants admit that he may be served at the Municipal Building, which is located at 21 First Avenue Northeast in Moultrie.  Defendants deny the remaining allegations contained in paragraph 1 of Plaintiff's complaint.  In particular, Defendants deny that Dillard is an elected official.  In addition, to the extent that Dillard is entitled to qualified immunity with respect to Plaintiff's claims, Defendants deny that the Court has subject matter jurisdiction in regard to those claims.  Defendants also deny that Dillard harmed Plaintiff.

2.      In response to paragraph 2 of Plaintiff's complaint, Defendants admit that the Court has personal jurisdiction with respect to Johnson, and Defendants admit that Johnson can be served at the City's police department, which is located at 128 First Street Southwest in Moultrie. Defendants deny the remaining allegations contained in paragraph 2 of Plaintiff's complaint.  In particular, to the extent that Johnson is entitled to qualified immunity with respect to Plaintiff's claims, Defendants deny that the Court has subject matter jurisdiction in regard to those claims. Defendants also deny that Johnson is liable to Plaintiff.

3.      In response to paragraph 3 of Plaintiff's complaint, Defendants admit that the Court has personal jurisdiction with respect to Valdez, and Defendants admit that Valdez can be served at the City's police department, which is located at 128 First Street Southwest in Moultrie. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's complaint.  In particular, to the extent that Valdez is entitled to qualified immunity with respect to Plaintiff's

claims, Defendants deny that the Court has subject matter jurisdiction in regard to those claims. Defendants also deny that Valdez is liable to Plaintiff.

4.      In response to paragraph 4 of Plaintiff's complaint, Defendants admit that the Court has personal jurisdiction with respect to Ruiz, and Defendants admit that Ruiz can be served at the City's police department, which is located at 128 First Street Southwest in Moultrie.  Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's complaint.  In particular, to the extent that Ruiz is entitled to qualified immunity with respect to Plaintiff's claims, Defendants deny that the Court has subject matter jurisdiction in regard to those claims.  Defendants also deny that Ruiz is liable to Plaintiff.

5.      In response to paragraph 5 of Plaintiff's complaint, Defendants admit that the Court has personal jurisdiction with respect to Newton, and Defendants admit that Newton can be served at the City's police department, which is located at 128 First Street Southwest in Moultrie. Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's complaint.  In particular, to the extent that Newton is entitled to qualified immunity with respect to Plaintiff's claims, Defendants deny that the Court has subject matter jurisdiction in regard to those claims. Defendants also deny that Newton is liable to Plaintiff.

6.      In response to paragraph 6 of Plaintiff's complaint, Defendants admit that jurisdiction is proper with respect to the City, and Defendants admit that the City can be served by serving Dillard at the Municipal Building.  Defendants deny any remaining allegations contained in paragraph 6 of Plaintiff's complaint.

7.      Defendants admit the allegations contained in paragraph 7 of Plaintiff's complaint.

8.      In response to paragraph 8 of Plaintiff's complaint, Defendants admit that, on July 3, 2019, while Plaintiff was standing on a public sidewalk and peacefully exercising his right to

freedom of speech, Dillard approached Plaintiff and identified himself as the City Manager for the City. Defendants also admit that Dillard told Plaintiff that he (Dillard) was offended by the language that Plaintiff used to express his opinion of the government. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's complaint.

9.      In response to paragraph 9 of Plaintiff's complaint, Defendants admit that, on the day in question, Johnson informed Plaintiff that Plaintiff was being arrested for disorderly conduct. Defendants also admit that Newton and Ruiz were present when Plaintiff was arrested. Defendants deny the remaining allegations contained in paragraph 9 of Plaintiff's complaint.

10.     In response to paragraph 10 of Plaintiff's complaint, Defendants admit that, on the day in question, Plaintiff stated that he was exercising his Constitutional right to protest the government, and Defendants admit that Plaintiff informed the officials present that, in Plaintiff's opinion, the officials were violating his right to free speech. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's complaint.

11.     Defendants admit the allegations contained in paragraph 11 of Plaintiff's complaint.

12.     In response to paragraph 12 of Plaintiff's complaint, Defendants admit that, at all times relevant hereto, Dillard, Johnson, Valdez, Ruiz, and Newton were acting within the course and scope of their employment with the City. Defendants deny any remaining allegations contained in paragraph 12 of Plaintiff's complaint. In particular, to the extent that it is alleged, Defendants deny that they, or any one of them, engaged in wrongful conduct.

13.     Defendants hereby incorporate their responses to paragraphs 1 through 12 of Plaintiff's complaint as if fully set forth herein.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's complaint.

15.     Defendants hereby incorporate their responses to paragraph 1 through 14 of Plaintiff's complaint as if fully set forth herein.

16.     In response to paragraph 16 of Plaintiff's complaint, Defendants admit that Plaintiff has a constitutional right to free speech that includes, but is not limited to, expressing himself verbally and through a written sign.  Defendants deny the remaining allegations contained in paragraph 16 of Plaintiff's complaint.  In particular, Defendants deny that any and all language is constitutionally protected.

17.     In response to paragraph 17 of Plaintiff's complaint, Defendants admit that the message expressed by Plaintiff provided no lawful reason for arresting Plaintiff on or about July 3, 2019.  Defendants deny the remaining allegations contained in paragraph 17 of Plaintiff's complaint.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's complaint.

19.     Defendants deny the allegations contained in paragraph 19 of Plaintiff's complaint.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiff's complaint.

21.     Defendants hereby incorporate their responses to paragraphs 1 through 20 of Plaintiff's complaint as if fully set forth herein.

22.     In response to paragraph 22 of Plaintiff's complaint, Defendants admit that Plaintiff is entitled to be free from unlawful arrest and unreasonable seizure.  Defendants also admit that Plaintiff is entitled to be free from arrest without probable cause.  Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's complaint.  In particular, to the extent that it is alleged, Defendants deny that a warrant is required for an arrest.

23.     In response to paragraph 23 of Plaintiff's complaint, Defendants admit that, on the day in question, Plaintiff was peacefully standing on a public sidewalk holding a sign as a form of

government protest.  Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's complaint.  In particular, Defendants deny that Plaintiff was arrested without probable cause and/or arguable probable cause.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's complaint.

25.     Defendants hereby incorporate their responses to paragraphs 1 through 24 of Plaintiff's complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's complaint.

## THIRD DEFENSE

For a third defense, Defendants show that neither they, nor any one of them, deprived Plaintiff of any right secured by the Constitution or laws of the United States.

## FOURTH DEFENSE

For a fourth defense, Defendants show that Dillard, Johnson, Ruiz, Valdez, and Newton are entitled to qualified immunity with respect to the individual capacity claims that Plaintiff is asserting against them and, as a result, the Court lacks subject matter jurisdiction with respect to those claims.

## FIFTH DEFENSE

For a fifth defense, Defendants show that, because the City has been named as a defendant, the official capacity claim that Plaintiff is asserting against Dillard is redundant and, therefore, subject to dismissal.

## SIXTH DEFENSE

For a sixth defense, Defendants show that no custom, policy, or usage employed by the City resulted in the violation of Plaintiff's rights and, therefore, the claim that Plaintiff is asserting against the City is subject to dismissal.

## SEVENTH DEFENSE

For a seventh defense, to the extent that the defense is available to them, Defendants show that Plaintiff's claims are barred by the applicable statute of limitation and, therefore, subject to dismissal.

## EIGHTH DEFENSE

For an eighth defense, Defendants show that Plaintiff is not entitled to seek punitive damages against the City as municipalities are immune from assessment of punitive damages under 42 U.S.C. § 1983.

WHEREFORE, having fully answered, Defendants pray that they be discharged without costs or liability in the premises.

JURY TRIAL DEMANDED.

This 29th day of October, 2021.

*s/ Raleigh Rollins*
Raleigh W. Rollins, Jr.
Georgia Bar No. 613860
H. Thomas Shaw
Georgia Bar No. 593166
ALEXANDER & VANN, LLP
411 Gordon Avenue
Thomasville, GA  31792
Telephone:  (229) 226-2565
Facsimile:  (229) 228-0444
Email:  rrollins@alexandervann.com
Email:  tshaw@alexandervann.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 29, 2021, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*s/ Raleigh Rollins*
Raleigh W. Rollins
